United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BLAS LANDA,

    Petitioner,

v.

CATE,

    Respondent.

No. C 13-2298 WHA (PR)

**ORDER TO SHOW CAUSE**;
**INSTRUCTIONS TO CLERK**

(Dkt. 5)

## INTRODUCTION

Petitioner, a California prisoner incarcerated at Salinas Valley State Prison, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted.

## STATEMENT

Petitioner was convicted in 2009 of one count of lewd conduct under California Penal Code 288.5. The trial court sentenced him to a term of 12 years in state prison. The judgment was affirmed by the California Court of Appeal and the California Supreme Court denied the petition for review.

## ANALYSIS

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

Petitioner claims: (1) his conviction violates his rights under the Tenth Amendment and his right to due process under the 14th Amendment because the prosecution failed to plead in the charging documents that his offense fell within the applicable statute of limitations; and (2) improper and prejudicial closing argument by the prosecutor violated petitioner's right to due process under the 14th Amendment. When liberally construed, these claims are sufficient to warrant an answer from respondent.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety-one days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

court and serving it on respondent within twenty-eight days of the date the answer is filed.

3. Respondent may file, within ninety-one days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fourteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. This case was filed on May 21, 2013, and on that day he was ordered to pay the filing fee or file an in forma pauperis application. Three days later, on May 24, 2013, petitioner submitted the $5.00 filing fee intended for this case. However, the fee was inadvertently applied to petitioner's earlier case, No. C 12-6514 WHA (PR). His earlier case had already been dismissed, and the dismissal was based on petitioner's failure to timely pay his filing fee. The dismissal was without prejudice to petitioner filing a new case in which he paid the filing fee, which he has done with the instant case. The clerk shall apply the filing fee inadvertently applied to case No. C 12-6514 JSW (PR) to the instant case and no further fee is due herein. The Clerk's notice directing petitioner to submit a further filing fee in this case (dkt. 5) is **VACATED**.

**IT IS SO ORDERED.**

Dated: June   29  , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3