IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAS LANDA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CATE,<br><br>　　　　Respondent. | No. C 13-2298 WHA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Docket No. 7) |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed this habeas case under 28 U.S.C. 2254. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed a motion to dismiss on statute of limitations grounds. Petitioner has not opposed the motion despite having the opportunity to do so. For the reasons discussed below, respondent's motion to dismiss is **GRANTED**.

## STATEMENT

The following facts are not disputed by the parties. On March 2, 2009, a jury found petitioner guilty of continuous sexual abuse pursuant to California Penal Code Section 288.5(a). On April 24, 2009, the trial court sentenced him to a term of 12 years in state prison. The judgment was affirmed by the California Court of Appeal on August 31, 2010, and the California Supreme Court denied the petition for review on December 15, 2010. Petitioner did not seek further review of the judgment in the United States Supreme Court, nor did he seek

habeas relief in the state courts. The instant petition is deemed filed on the date it was signed, on May 10, 2013. *See Houston v. Lack*, 487 U.S. 266, (1988); *Anthony v. Cambra*, 236 F.3d 569, 575 (9th Cir. 2000).

## ANALYSIS

Respondent contends that the petition is barred by the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review.[1] Petitioner did not seek direct review in the United States Supreme Court, and his time for doing so expired on March 15, 2011, 90 days after the California Supreme Court denied his petition for review. *See* U.S. Sup. Ct. R. 13. Thus, his judgment became final on that date, and the limitations period expired one year later on March 15, 2012. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The instant petition is deemed filed on May10, 2013, over one year later after the limitations period expired. Tolling under Section 2244(d)(2) is not available because petitioner did not file "an application for state post-conviction or other collateral review" of his judgment. *Ibid.* Finally, petitioner does not assert that he is entitled to equitable tolling or that dismissing the petition as untimely would be a "miscarriage of justice," nor does the record support drawing either of these conclusions. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013) (miscarriage of justice exception to untimely petition requires showing of actual innocence); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (equitable tolling allowed if prisoner has been pursuing his rights diligently and extraordinary circumstance stood in his way). Accordingly, the instant petition must be dismissed as untimely.

---

[1] Section 2244(d)(1)(B)-(D) provide alternate triggering dates upon which the limitations period may begin: (B) the date on which an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. The parties do not seek to apply these provisions to this case, however, nor is there any basis to do so..

2

**CONCLUSION**

Respondent's motion to dismiss (dkt. 7) is **GRANTED**. The petition for a writ of habeas corpus is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition as untimely debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December  16 , 2013.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE